1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

ALBERT BLANKENSHIP

  Plaintiff,

  v.

LORRIE E. STEWART et al

  Defendant(s).

Case No. 2:17-cv-01019-RFB-VCF

**ORDER**

## I.   INTRODUCTION

Before the Court is Plaintiff's Albert Blankenship Motion for Reconsideration. ECF No. 67. For the following reasons, the Court grants the motion in part.

## II.   PRROCEDURAL BACKGROUND

Plaintiff Blankenship sued all Defendants on April 10, 2017. ECF No. 1. In the operative amended complaint, Blankenship asserted deliberate indifference claims under the Eighth Amendment and Article 1 § 6 of the Nevada Constitution for events that occurred while he was incarcerated at High Desert State Prison (HDSP). ECF No. 43. The Court previously denied without prejudice two previous motions for summary judgment filed by Defendants after Blankenship stipulated to amend his answer and after both parties sought to supplement their briefing. ECF Nos. 53. On February 21, 2019, Defendants filed a motion for summary judgment. ECF No. 54. The motion was fully briefed. ECF Nos. 58, 62. On June 24, 2019, this Court held a hearing regarding Defendants' motion. ECF No. 64. On September 26, 2019, this Court granted Defendants' motion for summary judgment in a written order. ECF No. 65. On October 17, 2019, Plaintiff filed a motion for reconsideration, which was fully briefed. ECF Nos. 67,68,69.

**III.     LEGAL STANDARD**

The Court has discretion to grant or deny a motion for reconsideration. <u>Navajo Nation v.</u> <u>Norris</u>, 331 F.3d 1041, 1046 (9th Cir. 2003). Absent highly unusual circumstances, the court should grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 807 (9th Cir. 2004); <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000); <u>Sch. Dist. No.</u> <u>1J, Multnomah County, Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Kona</u>, 229 F.3d at 890; <u>Marlyn</u> <u>Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks omitted. "A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." L.R. 59-1.

**IV.     DISCUSSION**

The Court incorporates by reference its previous findings of fact articulated in its Order on Defendants' summary judgment motion.

In its September 26, 2019 Order, the Court granted summary judgment to Defendants Leavitt, Leaks, Yeats, Filson, Stewart, and URP members (Dr. Aranas, Dr. Johns, Dr. Bryan, and Martin.  In moving for reconsideration, Plaintiff argues that this Court overlooked pertinent facts and law when it granted Defendants' motion for summary judgment.

First, Plaintiff asserts that Defendants Yeats and Leavitt were in fact aware of Plaintiff's serious medical needs and there are genuine issues of material fact as to whether Defendants were required to re-direct Plaintiff's medical complaint to medical staff. Specifically, Plaintiff asserts Yeats and Leavitt were aware of Plaintiff's eye condition and as caseworkers had a constitutional obligation to investigate Plaintiff's medical needs. This Court finds that Plaintiff's arguments are nearly identical to the arguments Blankenship made in opposition to Defendants' Motion for

1    Summary Judgment.  ECF No. 54.  Motions for reconsider are disfavored by the courts and are

2    not the place for parties to relitigate arguments that were already before a court. See Northwest

3    Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988). The Court

4    therefore rejects these arguments as a basis to grant the motion for reconsideration pursuant to Fed.

5    R. Civ. P. 60.

6         Second Plaintiff argues that this Court should not have granted summary judgment to

7    Defendant Leaks because Defendants did not brief specific arguments about Defendant Leaks in

8    their motion for summary judgment. This Court disagrees. Although Defendants did not

9    specifically brief an argument regarding Defendants Leaks, facts regarding Defendant Leaks'

10   referral and Plaintiff's medical visit were presented in their motion for summary judgment. If

11   Plaintiff desired to contest those facts and/or the legal effect of those facts, Blankenship had an

12   opportunity to present them in his briefing or even oral argument at the hearing. Because Plaintiff

13   failed to do so, the Court found those facts to be undisputed and proceeded to analyze the claims

14   against Defendants Leaks under applicable law. Plaintiff now presents a counterargument

15   regarding Defendant Leaks. Specifically, Plaintiff asserts that this Court should reverse and

16   reconsider its decision because it failed to analyze whether Leaks' referral report had contradictory

17   language. This Court disagrees and finds this argument unconvincing. In determining whether to

18   grant summary judgment to Defendant Leaks this Court took Leaks' full report into consideration

19   and determined that the evidence was insufficient to raise a triable issue of fact as to whether Leaks

20   was deliberately indifferent.[1] Leaks examined Blankenship and made a referral. Blankenship did

21   not and still does not present any evidence that Leaks was under any obligation to investigate

22   further with respect to the actual appointment. Therefore, this Court properly awarded summary

23   judgment as to Defendant Leaks.

24        Third, Plaintiff argues that Defendants Aranas, Johns, Bryan, and Martin ("URP

25   Defendants") are in fact not entitled to qualified immunity. This Court disagrees. Defendants allege

26   that URP was not aware of Plaintiff's eye condition until Nurse Manalang made a request to URP

27

28        [1] Although the Court only cited to parts of Defendant Leaks' March 2016 medical report, the Court
     considered it in its entirety when it made its determination.

3

for Blankenship to receive an evaluation by an ophthalmologist on September 29, 2019. URP members promptly approved the request and Plaintiff was seen by an outside eye specialist on October 4, 2016. However, Plaintiff alleges that URP became aware of his eye condition on March 26, 2016 when Dr. Leaks made a referral note to ophthalmology on Plaintiff's eye examination form. It is not evident whether the eye examination form was a formal submitted request to URP. Unlike the form Nurse Manalang used, there are no clearly delineated sections identifying the "service requested" or the "requesting practitioner." However, Defendants presented no evidence demonstrating that the referral in the eye examination form would not be considered a request submitted to URP or that URP did not receive it. Therefore, this Court found that this was a genuine dispute of material fact.

Assuming as it must that URP Defendants had knowledge of Plaintiff's eye condition in March 2016 but failed to act until October 2016 the Court did not find their actions to be such that any reasonable officer would have known they were unconstitutional. Because Dr. Leaks' referral on the examination form stated that Blankenship should be referred to an ophthalmologist, "ASAP," but also that the referral was "not urgent," URP's actions do not violate constitutional rights of which a reasonable person would have known. Pearson v. Callahan, 555 U.S. 223, 231 (2009) ("The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). Therefore, this Court properly found that URP members were entitled to qualified immunity.

Finally, Defendants argue that Stewart and Filson are not entitled to qualified immunity and this court erred in its analysis of Defendants' awareness of Mr. Blankenship's medical condition to his increasing pain only and not his possible medical need. This Court agrees and finds that it committed a clear error in its previous order.

In deciding whether Defendants Stewart and Filson are entitled to qualified immunity, this Court must consider, taking the facts in the light most favorable to the nonmoving party, whether (1) the facts show that the officer's conduct violated a constitutional right, and (2) if so, whether that right was clearly established at the time. Robinson v. York, 566 F.3d 817, 821 (9th Cir. 2009)

(citing <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001)). Under the second prong, courts "consider whether a reasonable officer would have had fair notice that the action was unlawful." <u>Tarabochia v. Adkins</u>, 766 F.3d 1115, 1125 (9th Cir. 2014) (internal quotation marks omitted). While a case directly on point is not required in order for a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." <u>Ashcroft v. al-Kidd</u>, 563 U.S. 731, 739 (2011).

The Court finds that a constitutional violation would be established by the disputed evidence for Defendants' Stewart and Filson. Plaintiff's affidavit attached to his response to Defendants' motion stated that Blankenship first informed Defendants Stewart of his eye condition in August 2015 in a medical grievance. As his eye conditioned worsened, Plaintiff could not effectively see out of his eye and struggled to complete daily activities. Subsequently, Plaintiff filled additional grievances to both Defendants informing them about his worsened condition and need for treatment and he alleges that they were denied. Defendants' attached declarations by both Defendants stating that they did not recall Plaintiff's grievances. Therefore, there is a dispute of material fact; however, the court must accept the version asserted by the nonmoving party, Blankenship. <u>Ellins v. City of Sierra Madre</u>, 710 F.3d 1049, 1064 (9th Cir. 2013).

Blankenship did indeed allege a constitutional violation because a delay of a treatment may result in deliberate indifference if the delay causes further injury or unnecessary pain. <u>Tyler v. Smith</u>, 458 F. App'x 597, 598 (9th Cir. 2011) (citing <u>Jett v. Penner</u>, 439 F.3d 1091, 1096–98 (9th Cir. 2006)). Blankenship's claim is not that there was merely a delay in surgery, but that Defendants' delay in getting him medical care at all resulted in worsening and unnecessary pain. Viewing the evidence most favorably to Blankenship, and given existing case law at the time, it was beyond debate that the Defendants' delay in securing treatment for Blankenship was a constitutional violation. <u>Hamilton v. Endell</u>, 981 F.2d 1062, 1066 (9th Cir.1992) (quoting <u>Hunt v. Dental Dep't</u>, 865 F.2d 198, 201 (9th Cir.1989))(noting a constitutional violation is present when prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment).

**V.     CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 67) is GRANTED in part.

**IT IS FURTHER ORDERED** that the Clerk of Court reopen this case.

**IT IS FURTHER ORDERED** that the parties shall file a joint pretrial order by December 19, 2020 with proposed trial dates beginning June 2021.

DATED: November 20, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**